IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| HEAVENLY BELLE GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-3178-SSA-CV-S-WAK |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Claimant Heavenly Belle Gibson seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She filed her application for benefits on May 24, 2005, and claims she became disabled beginning on August 1, 2002. She was represented by counsel at the administrative hearing held in October 2006.

The parties' briefs for this judicial review were fully submitted, and on February 9, 2009, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Heavenly Gibson was born in 1984, and has an eighth-grade education. She attended special education classes while in school and claims to have a learning disorder. She can read some words in a newspaper and do simple writing. She says she can tell time from a digital clock but not from a face clock. She is 5 feet 4 inches tall and weighs approximately 170

pounds.  She received disability benefits for a period of time as a child[2], but her disabled status as a child expired in August 2002.  She has two small children who live with her, and she has never performed substantial gainful activity, as defined by the Social Security Act.

In her request for a hearing before an administrative law judge, Gibson stated she was disabled because she is bi-polar and manic depressive, and has polycystic ovaries.

The Administrative Law Judge (ALJ) did not find Gibson had any physical impairments which were severe under the relevant provisions of the statutes and regulations.  He noted she did not allege long-term physical impairments or limitations at the time of the hearing.  Her medical records show she had treatment for ovarian cysts, but they do not document any physical limitations as a result.  She was periodically seen for pelvic discomfort, but the records do not reflect a chronic condition which would significantly limit her daily activities.

A review of the record reveals substantial evidence to support the ALJ's decision that plaintiff does not have physical impairments which would limit her ability to work.  Plaintiff does not challenge that decision.

Nevertheless, plaintiff alleges the Commissioner's decision was not supported by substantial evidence and that the ALJ erred in finding she had the residual functional capacity to perform a full range of exertional work with only some mental limitations.  Plaintiff asserts the record clearly shows years of mental illnesses which preclude her from working.

The Commissioner responds that the ALJ properly assessed plaintiff's mental health records, set forth his reasons for discounting Gibson's allegations, and otherwise complied with Social Security regulations in reaching the conclusion that Gibson retained the residual functional capacity to perform substantial work.  The ALJ found some mental limitations and said plaintiff was capable of working "except for having to do more than simple, repetitive tasks or have close interaction or teamwork with co-workers, supervisors or the general public." (Tr. 520.)

In this case, the record contains evidence plaintiff basically takes care of herself and two children, drives a car and handles most of her household chores.  She relies on her family who

---

[2]In 2000, she was found to have an oppositional defiant disorder and a mood disorder which qualified her for benefits as a child.

lives next door and her boyfriend when she needs assistance or feels stressed out. She is frequently sad or angry, but has her mother watch her children when she feels she cannot control her anger. She claims to be afraid of people when she is out in public, and so chooses to stay home.

Her mental health records reflect that with medication compliance and consistent therapy, her mental health impairments would be controlled. The record indicates she has chosen not to continue therapy with some providers and has gone for periods of time with little or no treatment.

The court's review is limited to a determination of whether there is substantial evidence on the record as a whole to support the Commissioner's decision. Comstock v. Chater, 91 F.3d 1143, 1145 (8th Cir. 1996). "Impairments that are controllable or amenable to treatment do not support a finding of disability, and '[f]ailure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits.'" Kisling v. Chater, 105 F.3d 1255 (8th Cir. 1997).

The record does not show good reason for plaintiff's decision to discontinue some treatment. In at least one instance, her reason was that the licensed social worker made her mad because he wanted her to talk about herself instead of the people around her who made her mad. (Tr. 552.) She does not give other good reasons for the periods when she was not in treatment, and the record suggests there are periods when she was not on medication, although she had access to medical care.

Plaintiff also claims the ALJ erred in his credibility analysis. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

4

The ALJ set forth his reasons for discounting plaintiff's allegations and noted inconsistencies in the record for doing so. Specifically, the ALJ noted clinical outpatient notes from Dr. Simpson, Mr. Porter and Dr. Zurkowski "indicate that the claimant's mental state is quite manageable and controllable when she is compliant with medication and therapy recommendations." (Tr. 518.) She has not had psychiatric hospitalizations in the relevant period and her allegations of hallucinations and unusual memory lapses are not documented. The record also does not contain credible evidence of serious or frequent substance abuse during the relevant time.

Clearly, the evidence shows some mental limitations and mental health conditions. Plaintiff has been intermittently treated for them, and the records indicate she has possible borderline intelligence. The ALJ found, however, that her basic abilities to think, understand, communicate, etc., have not been documented to show significant impairment on a long-term basis in recent years. Likewise, there is no documented serious deterioration in her hygiene, daily activities, behavior patterns, etc. Thus, it is clear the ALJ considered the required factors and reached his decision based upon the evidence in the record.

Even if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the decision must be affirmed. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)). Here, there is substantial evidence to support the position reached by the ALJ. Accordingly, for these reasons and those set forth in more detail in the Commissioner's brief, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 4th day of March, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5